## HUTCHINS *vs* CHILDRESS & BAKER.

1. The time and manner of introducing and closing the evidence in a suit, are necessarily within the judicial discretion of the presiding Judge.
2. So, where a witness was allowed to be examined in a suit, by a defendant, after the plaintiff had closed his rebutting testimony, on the ground, (as expressed by the Court,) that new facts had been disclosed, such decision held not revisable in error.
3. The acts, declarations, or admissions of one of two partners, are not admissible as evidence to disprove a plaintiff's demand, in a suit against them as a firm, and where they have jointly plead the general issue.
4. And this, notwithstanding other, previous evidence, to show, that such partner was the agent of the plaintiff in the cause.
5. After a copartnership has been established, *aliunde*, an answer in Chancery of one of a firm, is competent evidence in a suit at law, against the company, to show admissions of a plaintiff's demand.
6. One of a firm cannot discredit the admissions of his co-partner, given in evidence by a plaintiff, against them jointly.

This was an action brought by Hutchins against Childress & Baker as copartners, before a justice of the peace, in Greene county, on a note for twenty-five dollars, made by the firm. Hutchins obtained judgment; an appeal was taken to the County Court. There, the plaintiff, Hutchins, declared against the defendants, as copartners. They filed a joint plea, (in short) the general issue; issue was joined and verdict found for the defendants. The error relied on appeared by the bill of exceptions, which disclosed—

1. The plaintiff introduced his evidence; after he had gone through, the defendants introduced theirs; and the plaintiff introduced his rebutting evidence. After he had closed, the defendants in-

sisted on examining J. A. Beal, a witness. The plaintiff objected, because the evidence was closed. The court overruled the objection, and suffered the witness to be examined, on the ground that in the rebutting evidence, new facts had come out.

2. The defendants relied on payment. They contended that goods were sold, by the firm, to Hutchins, to pay this debt and thirty-nine others—that the goods were immediately resold by the plaintiff to the defendant, Childress, and that he was to pay for them in notes with certain sureties. The plaintiff insisted that there was no actual delivery of the goods—no separation from the mass, nor invoice delivered to the plaintiff. The defendants insisted that Baker was the agent of the plaintiff, in the transaction, and that he acted on behalf of the plaintiff. No express authority was shown, but the defendants offered evidence of his acts, and that he was reputed the agent of the plaintiff. The goods remained in the possession of Childress, and were sold by him for his own account, and the notes were not tendered nor delivered by him for the goods to Hutchins, according to the terms of the supposed purchase.

The plaintiff moved the Court, to exclude all evidence of acts of agency of Baker; because, he being a defendant, he could not be an agent of the plaintiff. The Court ruled, that he might be considered as agent of the plaintiff, (if there was a sale in fact of the goods in the first instance) in relation to any thing subsequent, between the plaintiff and defendant, Childress, and that his acts, and how far the plaintiff had assented to them might be taken into consideration, and were proper evidence, con-

ducing to prove a fraudulent combination between Baker and the plaintiff.

3. The plaintiff proved that Baker several times admitted that the sale had not taken place, and that the debts were still due. But the Court suffered those admissions to go as evidence, only so far as related to the first contract, but not to show that Childress had not complied with the terms of the purchase said to be made by him, of the goods of the plaintiff.

4. When Beal was last examined as above, the defendants proved by him, that Baker said, that the reason why the plaintiff would not receive the notes of Childress, for the goods, was, that he, Baker, wanted to get the goods himslf, and that he would not receive the notes. And this was the reason given, why the notes were not tendered. This testimony was objected to, as not being an admission made by Baker, in any of the same conversations to which the plaintiff had examined witnesses, as to the admissions of Baker. But the Court overruled the objection, though it was an admission in a different conversation, and the evidence was received in rejoinder to new evidence, which came out in the rebutting evidence of the plaintiff, in relation to the agency.

5. The plaintiff gave in evidence, an answer in chancery, made by Baker, to a bill filed against him by Childress. In this answer, Baker admitted that the debts were for money loaned; that the sale of the goods had not taken place; that Childress had failed to comply; that he was not the agent of the plaintiff, and that the debts were still due by himself and co-partner.

The Court, on motion of the defendants excluded all such parts of the answer, as related to his denial of the agency, to the contract between the plaintiff and Childress, and his admission, that Childress had not complied with his contract of purchase.; and permitted only such parts as admitted the original existence of the debt, and that it was unpaid, as to him and Childress, to go to the jury.

6. The defendants offered evidence to discredit the admissions of Baker, which was objected to, by the plaintiff, but admitted by the Court, on the ground, that if there was evidence to establish a combination, between Baker and the plaintiff, evidence, discrediting Baker's admissions, might be received.

Argued by *Stewart*, for the the plaintiff in error.

. SAFFOLD, J.—The questions presented for revision, arose on the trial of an appeal, in the County Court of Greene, from a judgment of a justice.— The plaintiff in error was also plaintiff, in the County Court. The action was assumpsit, against the defendants, as copartners, on a promissory note, given by them, as such.

It also appears, that thirty-nine other cases, similarly situated, were, at the same time, pending in the same Court; and that they are all dependent upon the principles of decision, which must govern this. The trial was had on the general issue of non-assumpsit, jointly pleaded, by the defendants. A verdict was found, for the defendants.

The questions made, grow out of the bill of exceptions—so much of which, as is necessary to a decision on the law, governing this case, is as follows:

HUTCHINS *vs.* CHILDRESS & BAKER.

The plaintiff having introduced the evidence, on which he, at first, proposed resting his case, the defendants introduced theirs—then the plaintiff introduced rebutting testimony. After he had closed, the defendants insisted on examining J. A. Beal, a witness. The plaintiff objected, because the evidence was closed. The Court overruled the objection, and suffered the witness to be examined—on the ground that, in the rebutting evidence, new facts had come out.

The exceptions further show, that the defendants attempted to prove payment of all the notes by a sale of goods made by them to the plaintiff, in discharge thereof. That the goods were immediately resold by the plaintiff, to the defendant, Childress; and that he was to pay for them, in notes, with certain securities.

The plaintiff insisted, that there was no actual delivery of the goods—no separation from the mass, nor invoice delivered to him.

The defendants contended, that Baker was the agent for the plaintiff, in the transaction ; and that he acted on behalf of the plaintiff. No express authority was shewn, but the defendants offered evidence of his acts, and that he was reputed to be such agent. The goods remained in the possession of Childress, and were sold by him, for his own account ; and the notes were not tendered, or delivered, by him, for the goods, to Hutchins, according to the terms of the supposed purchase.

On objection, by the plaintiff, to the admissibility of any evidence, of acts of agency by Baker, because, being a defendant, he could not be an agent for the plaintiff—the Court ruled, that he might be an agent for the plaintiff, (if there was a sale, in fact,

of the goods, in the first instance,) in relation to the subsequent transaction, between the plaintiff, and defendant, Childress, and that his acts, and to what extent the plaintiff had assented to them, might be taken into consideration, and were proper evidence, conducing to prove a fraudulent combination between Baker and the plaintiff.

The plaintiff proved, that Baker, several times, admitted, that the sale had not taken place, and that the debts were still due. But the Court suffered these admissions to go as evidence, only so far as related to the first contract; but not to shew, that Childress had not complied with the terms of the purchase, alleged to have been made by him, of the goods of plaintiff. The Court also admitted evidence, offered by the defendants, (the same being objected to by the plaintiff,) of the declarations of Baker, in a conversation, distinct from any concerning which the plaintiff had given evidence: that the reason the plaintiff would not receive the notes of Childress, for the goods, was, that he, Baker, wanted to get the goods, himself; and that he would not receive the notes—and thus it was, that the notes were not tendered.

It further appears, that the plaintiff offered in evidence, an answer in Chancery, made by Baker, to a bill against him, by Childress, which would have proved, that the former thereby admitted, that the debts, sued for, were for money loaned. That the sale of the goods had not taken place. That Childress had failed to comply. That he was not the agent of the plaintiff; and, that the debts were still due, from himself, and Childress, as co-partners.—— That the Court, on motion of the defendants, ex-

cluded all parts of said answer, from the jury, except so much as admitted the original existence of the debt; and that it had not been paid by himself and Childress.

The Court, also, (after the same was objected to,) admitted evidence, on the part of the defendants, to discredit the admissions of Baker, on the ground, that if there was a combination between him and the plaintiff, the evidence was legal.

These several opinions and decisions of the Court, in admitting and rejecting the evidence, are assigned as erroneous.

But little is necessary to be said, in disposing of the first exception, which relates to the time at which part of the evidence was received. It is considered essentially necessary and proper, that a general rule of practice should prevail, respecting the time and manner of introducing and closing evidence; and that it should be such as was contended for, by the plaintiff. That after a plaintiff at *nisi prius*, has introduced, his evidence and rested his case, and the defendant has followed with his, then the former should introduce his rebutting testimony; and the examination should close. Yet it is impossible to provide, by any infallible rule, in this respect, for the peculiarities and emergencies of every case. Much must necessarily depend on the sound discretion of the presiding judge. We must often make the routine of business subservient to the justice of particular cases.— It may unavoidably happen, that the rebutting evidence, (as was thought by the judge here,) may demand resistance or explantion, in order to reach the justice of the case: or, this necessity may arise from the artifice of the plaintiff, in withholding evidence

that might have been offered in the first instance. After making out a *prima facie* case, he may safely do this, in anticipation of the defence and of his right to offer rebutting evidence. Hence the necessity of allowing to the presiding Judge a judicial discretion on this point, to be used for the advancement of justice; but so regulated as to avoid embarrassment, as far as practicable, and prevent surprise or injury to either party. As to this exception, there is believed to be no error.

All the exceptions relative to the admission and rejection of the evidence offered, may be embraced in one general view of the subject.

The opinion of the Court was in substance, that if there was a sale in fact of the goods by the defendants to the plaintiff, in the first instance, then in relation to the subsequent transactions, Baker might be viewed as the agent of the plaintiff, and the latter could be held responsible for his acts and declarations as such; also the Court rejected the evidence of Baker's answer in chancery to a suit by Childress, when offered by the plaintiff, to prove his admission of the continued existence of this debt, and that there was no such agency as was contended for. Further, the Court permitted the defendants to introduce proof to discredit the admissions of Baker, one of the defendants.

The first enquiry on this branch of the subject is, whether or not, it was competent for these defendants, when sued as partners, and in a trial, on the general issue, in which they had joined, to avail themselves, as evidence, of the acts, declarations, or admissions of one of themselves, in opposition to the

4 s. & p.                6

plaintiff's demand; and as respects the declarations or admissions, when they were in connection with any conversation, concerning which the plaintiff had given any evidence. The mere statement of the question in its simple form, would appear to suggest the answer. But the subject has been involved in some obscurity, by the attempts to connect it with an agency of Baker, for the plaintiff, and with suggestions of fraud and combination between him and the plaintiff.

It is contended, that Baker being agent for the plaintiff, any acts done or admissions made by him, as such, were tantamount to admissions by the plaintiff himself. But the objection still exists, that this is a suit at law in which Baker is a defendant; that the evidence was offered on the part of the defendants; that the question, whether the sale of the goods had been consummated, in the first instance, was to be tried by the same jury, and under the same issue, which was to convict or discharge Baker from the suit, as well as his co-partner; and that all the evidence offered to prove the last, as well as the first sale of the goods, tended to the same result. Both the defendants must have been convicted, or neither—consequently Baker had a direct interest in the event of the suit. If the supposed agency could exempt him from the character and incapacity of a defendant, then, in as much as he was not the plaintiff, nor liable, as such, for cost, why could he not have been sworn as a witness for the defendants? A mere agency does not render the individual incompetent as a witness; and his testimony would have been more satisfactory than his casual declarations. The circumstance that other testimony had been

previously introduced, with a view to prove the agency, can not materially vary the case. The Court had no authority, nor did the Judge directly assume the right, to determine whether or not the agency had been proved, yet he admitted the proof which he considered evidence only on the supposition that the first sale had been consummated, so as to admit of the agency. How can it be known that the jury did not arrive at the conclusion, that the first sale was consummated, and that the agency was created, from Baker's testimony. Among other things the delivery of the goods to Hutchins or his agent, was necessary to the execution of the contract. Baker's evidence may have been the only or main proof of any such delivery.

Without deciding whether a debtor, in any case, is capable of receiving an agency from his creditor, to transact any business, having the effect to discharge or satisfy the debt, which question is not directly before us, we have no hesitation in saying, the proof of Baker's acts and admissions in this case, was improperly admitted—that they were not evidence on the trial of an issue, in favor of the defendants, of whom he was one [a]

[a] Pa. on A. 2, 10, 32, 204; 2 Cam Rep. 203 Gow on P. 131-2-3— Liv on A. 416.

The same principle of decision by which the Court below was governed, on the question already considered, appears to have extended its influence into the two remaining points of exception; it probably led to the rejection of Baker's answer, in chancery, to the suit against him by Childress, when offered as evidence, by the plaintiff. The admissions of one partner are not evidence to establish the existence of the partnership; but after its existence has been otherwise proven, or admitted, "the act

or declaration of one, relating to the subject matter of the partnership, will bind all."[a]   The admissions of Baker, by his answer, ought to have been received as evidence, to prove the existence of the debt, his denial of his agency, &c.

A consequence of the same doctrine is, that the defendants ought not to have been permitted to introduce proof to discredit the admissions of Baker, which had been given in evidence against them by the plaintiff.   The judgment must be reversed, and the cause remanded for further proceedings.